**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amber N.,<br>Plaintiff,<br>v.<br>Commissioner of Social Security Administration,<br>Defendant. | No. CV-25-01751-PHX-SHD<br>**ORDER** |

Claimant seeks review of the Commissioner's denial of her claim for Social Security disability benefits. (Doc. 1.) The Commissioner has provided the Administrative Record, ("AR") (Docs. 14, 15), and the parties have fully briefed the matter (Docs. 18, 19, 20). The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the final decision of the Commissioner be reversed and the matter be remanded for rehearing. (Doc. 23.) The Commissioner filed an Objection to the R&R, (Doc. 24), to which Claimant replied, (Doc. 25). For the reasons set forth below, the Commissioner's Objection will be overruled, the R&R will be adopted, the decision of the Commissioner will be **reversed**, and this matter will be **remanded** for further proceedings.

## I. PERTINENT PROCEDURAL HISTORY & BACKGROUND

The R&R outlines the procedural and factual background of this case, (*see* Doc. 23 at 1–2). Relevant to the Commissioner's objection is Claimant's testimony at the December 14, 2023 hearing and the Administrative Law Judge's ("ALJ") subsequent decision finding that Claimant had the residual functional capacity ("RFC") to perform

medium work with additional limitations, and that Claimant is not disabled. (AR 22–28.) Claimant filed a request for review of the ALJ's decision to the Appeals Council on June 18, 2024, which was denied on April 21, 2025. (Doc. 18.) Claimant then filed this appeal, the parties submitted their briefing, and the Magistrate Judge issued the R&R.

In the R&R, the Magistrate Judge summarized Claimant's argument that the ALJ's RFC was erroneous because the ALJ improperly discounted her symptom testimony and also summarized the Commissioner's position that the ALJ properly relied on certain evidence in the record in discounting the symptom testimony. (Doc. 23 at 6–7.) The Magistrate Judge next summarized Claimant's mental symptom allegations pertaining to her ability to (a) concentrate, persist, or maintain pace ("CPP") and (b) adapt or manage oneself ("AMO"). (*Id.* at 8–9.) He also summarized her symptom testimony given at the hearing as follows:

> At the hearing with the ALJ, Plaintiff testified that her employment was precluded by panic attacks with hyperventilation, vomiting, urinary incontinence, crying, auditory hallucinations, blackouts, and depression resulting from the demands of the work environment. (AR 39-40.) She testified to breakdowns in anticipation of going to work, being disciplined for mistakes resulting from "hyper focus on my situation," daily breakdowns at work even on a part time schedule. She described being unable to shower for weeks due to the overwhelming sensations of the enclosed space, darkness, noise and pain from the water spray. She asserted she does not often leave the house, even to shop for groceries, having groceries or meals delivered instead, prefers video appointments to avoid leaving home, and to avoid people she does not go to the movies or out often to eat. She attempted bowling with her mother but left after 15-20 minutes because of her mental condition. She reported constant auditory hallucinations, which escalate when she is stressed or her [medications] are off, and can result in an episode of psychosis and attacks on others. She testified to regularly interrupted sleep, resulting grogginess, and lack of motivation to clean or cook. (AR 39-47.)
>
> Plaintiff described starting therapy when three or four years old due to her emotions being limited to anger, she began seeing a therapist weekly at around 13 years old, and has been in some form of mental health treatment since. She normally sees a therapist weekly, and a psychiatrist monthly. She benefits from her treatment, and has trouble coping when not able to see a

therapist regularly. (AR 41-42.)

(*Id.* at 9.) The Magistrate Judge then summarized the ALJ's findings pertinent to Claimant's CPP and AMO. (*Id.* at 9–10.)

The Magistrate Judge accepted both of Claimant's arguments, finding that the ALJ failed to adequately support his decision to discount Claimant's symptom testimony bearing on both CPP and AMO. Regarding CPP, he found that most of the ALJ's reasons for discounting Claimant's symptom testimony were irrelevant because those reasons related to the "information" or "cognitive" area of mental symptoms that bear on an individual's ability to understand, remember, or apply information, rather than CPP. (*Id.* at 11.) He then addressed and rejected the other reasons given by the ALJ to discount Claimant's symptom testimony, finding that they did not constitute specific, clear and convincing reasons to discount that testimony. (*Id.* at 11–17.) As pertinent to the Commissioner's arguments set forth in his Objection, the Magistrate Judge found the following:

- <u>Other Objective Medical Evidence</u>: The ALJ's reliance on medical records showing that Claimant had "intact memory, normal concentration, logical thought process, and cooperative behavior," was largely misplaced because intact memory and logical thought processes are irrelevant to CPP and AMO, and as to normal concentration (which is relevant to CPP) and cooperative behavior (which is relevant to AMO), the records cited either do not establish that Claimant had normal concentration or exhibited cooperative behavior, or provide only "momentary" status reports that are not indicative of a person's ability to work over the course of a work week under the pressure presented in a work environment. (*See id.* at 12–14.)

- <u>Treatment Limited</u>: The ALJ's citation to Claimant's "unremarkable" course of mental health treatment—devoid of hospitalizations or severe declines—to discount Claimant's symptom testimony pertinent to CPP and AMO was misplaced because the lack of acute treatment had no bearing on Claimant's ability to concentrate, persist, or maintain pace, or adapt or manage oneself in the workplace setting, nor did it diminish her credibility. (*See id.* at 14–15.)

- <u>Observations by ALJ</u>: The ALJ's personal observations of Claimant at the hearing—specifically that she did not require redirection during a 29-minute

hearing—had no bearing on her AMO or CPP symptom testimony. (*See id.* at 16.)

- Activities: The ALJ's reliance on Claimant's part-time work did not support his discounting of her symptom testimony pertaining to CPP or AMO because the ALJ only referred to the part-time job to discount Claimant's diffuse body pain and, in any event, Claimant lost her job due to her symptoms. (*See id.* at 17.)

## II. DISCUSSION

The Commissioner argues that the ALJ reasonably discounted Claimant's psychological complaints and related symptom testimony and that the R&R therefore should be rejected and the ALJ affirmed. (Doc. 24 at 5.) The Commissioner relies on three arguments: (1) the ALJ properly relied on Claimant's work history to discount her testimony, (*id.* at 2–3); (2) the ALJ's findings concerning Claimant's course of treatment and the largely normal examination findings justified the discounting of her symptom testimony, (*id.* at 3–4); and (3) the ALJ properly rejected Claimant's symptom testimony based on his observations of her, (*id.* at 4–5).[1]

### A. Legal Standards

#### 1. Review of Report and Recommendation

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When any party has filed timely objections to the magistrate judge's report and recommendations, the district court's review of the part objected to is to be de novo. *Id.* If, however, no objections are filed, the district court need not conduct such a review. *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003). Objections must be *specific.* Fed. R. Civ. P. 72(b)(2). "[G]eneral, non-specific objections" are not sufficient to require the District Court to "conduct de novo review of the entire R & R." *Sullivan v. Schriro*, 2006 WL 1516005, at *1 (D. Ariz. May 30, 2006).

#### 2. Evaluation of Symptom Testimony

---

[1] The Objection largely cites to page numbers from the ALJ's decision without quoting the ALJ's findings. For clarity, this Order quotes the pertinent language. Counsel is strongly encouraged to quote the language relied upon in future filings.

If the ALJ finds that a claimant "presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged," and there is "no evidence of malingering," then the ALJ may reject testimony about symptom severity "only by offering specific, clear and convincing reasons for doing so." *Revels v. Berryhill*, 874 F.3d 648, 655 (9th Cir. 2017). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id.* "If the ALJ fails to provide specific, clear, and convincing reasons for discounting the claimant's subjective symptom testimony, then the ALJ's determination is not supported by substantial evidence." *Ferguson v. O'Malley*, 95 F.4th 1194, 1199 (9th Cir. 2024).

An ALJ may not make "[g]eneral findings" and must "identify what testimony is not credible and what evidence undermines the claimant's complaints." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (internal quotation marks omitted). Thus, an ALJ may not "simply state[] [the ALJ's] non-credibility conclusion and then summarize[] the medical evidence supporting [his] RFC determination," nor may an ALJ conclusorily find that a claimant's functional limitations "were less serious than she has alleged." *Id.* at 493–94. Relatedly—and importantly—"providing a summary of medical evidence in support of a residual functional capacity finding is not the same as providing clear and convincing reasons for finding the claimant's symptom testimony not credible." *Id.* at 494; *accord Silvia S. v. Kijakazi*, 2023 WL 8167205, at *5 (S.D. Cal. Nov. 24, 2023) ("[M]erely reciting the medical record without affirmatively contrasting it to a plaintiff's testimony does not constitute a clear and convincing reason.").

**B. Claimant's Work History**

In his Objection, the Commissioner relies on three statements by the ALJ concerning Claimant's part-time work as constituting specific, clear and convincing bases to reject her psychological symptom testimony. The first involved the ALJ's reliance on Claimant's part-time employment as a basis to discount her *body pain symptom testimony*: "[I]n August 2022, the claimant reported that she has had diffuse body pain for over 10

years, causing hypersensitivity, though she also reported she is functionally active and independent and employed part-time." (AR 23.) The Commissioner characterizes this statement as the ALJ addressing "Plaintiff's alleged inability to perform any work *due to psychological issues*." (Doc. 24 at 2 (emphasis added).) The Commissioner misstates the record—the ALJ did not rely on Claimant's work history as a basis to discount her psychological symptom testimony in this first reference. Accordingly, this first reference cannot constitute a specific, clear, and convincing reason to discount Claimant's psychological symptom testimony.

The second reference by the ALJ involves his general description of Dr. Kari Coelho, PsyD's consultative examination with Claimant and his generic conclusion that "the clinical indications overall, along with the claimant's activities of daily living, work activity during the disability period and treatment history combined with the claimant's own reporting in combination, do not suggest the presence of more limiting [psychiatric] symptoms." (AR 25.) This statement likewise is not a specific, clear, and convincing reason to discount Claimant's psychological symptom testimony because it runs afoul of the Ninth Circuit's prohibition against general findings, and its requirement that an ALJ identify both the testimony the ALJ finds not credible and the evidence undermining that testimony. *Brown-Hunter*, 806 F.3d at 493–94 (ALJ may not conclusorily find that a claimant's functional limitations "were less serious than she has alleged"); *cf. Silvia S.*, 2023 WL 8167205, at *5.

The third reference by the ALJ fares no better. There, in discussing Claimant's cognitive and social limitations in the RFC, the ALJ simply reiterated his finding that Dr. Coelho's consultative examination "was not indicative of an individual with disabling symptoms from mental impairments" and noted that Claimant "worked below SGA during the period she has alleged disability." (AR 25.) The ALJ makes no reference to Claimant's psychological symptom testimony whatsoever, and this statement constitutes, at best, a general finding. It is not a specific, clear, and convincing basis to discount her psychological symptom testimony.

More generally, even if the ALJ had shown his work and explained which portions of Claimant's symptom testimony he discredited based on her part-time employment, his reliance on that employment would not be convincing considering Claimant's testimony about her significant struggles at that job. Specifically, Claimant testified she could not sustain even a substantially reduced remote schedule: "I already had a modified schedule where I was working less hours than part-time. And I still could not handle [it]." (AR 40 ("I was working, like, three hours a day, four days a week, and that still [was] just something I could not do, no matter how hard I tried."); *see also* AR 48 (explaining that she worked remotely from home taking reservations for pet daycare).) She also described her inability to complete initiated tasks due to her hyper-focus on her situation, including during work: "I was on probation at my last job because I kept making so many mistakes because I would hyper-focus on my situation." (AR 39.)

Her absenteeism and other challenges resulted in her being placed on probation: "I ended up on probation for a lot of mistakes, missing too many day[s] at work, because I just wasn't going in." (AR 48; *see also* AR 39 ("I've actually got written up for forgetting things that I had been trained in multiple times.").) Ultimately, Claimant was told by the employer that "they were going to let [her] go if [she] didn't get [her] act together," which she relayed to her mother while indicating that the pressure made her want to kill herself. (AR 48–49.) Her mother responded by encouraging her to quit: "I'm not going to have a dead daughter on my hands. You need to quit." (AR 49.) Claimant then left her job. (*Id.*)

Under these circumstances, the ALJ erred by discounting her symptom testimony based on her part-time, failed employment. Put another way, the mere fact that Claimant engaged in part-time work is not a specific, clear, and convincing basis to discount her symptom testimony given the general nature of the ALJ's explanation and the specific facts surrounding Claimant's work.

**C. Course of Treatment and Normal Findings in the Record**

The Commissioner next argues that the ALJ appropriately discounted Claimant's symptom testimony based on her course of treatment. (Doc. 24 at 3.) In making this

argument, the Commissioner relies on various generic statements in the ALJ's decision concerning Claimant's course of treatment: (1) Claimant's "unremarkable mental health treatment showed a lack of severe deficits in her 'cognitive and social function,'" (AR 21); (2) Claimant's "mental health treatment consisted of medication and psychotherapy," (Doc. 24 at 3 (citing AR 24)); and (3) the RFC was consistent with the medical records, (Doc. 24 at 3 (citing AR 25, 26)).

The Commissioner's arguments fail because the ALJ failed to identify what symptom testimony he was discounting in his generic statements, or how those generic statements reflect any inconsistency between Claimant's testimony and the medical evidence. *See Brown-Hunter*, 806 F.3d at 493–94 (ALJ may not conclusorily find that a claimant's functional limitations "were less serious than she has alleged"). Simply put, he "failed to provide specific, clear, and convincing reasons which explain why the medical evidence is *inconsistent* with the claimant's subjective symptom testimony." *Ferguson*, 95 F.4th at 1200. "Here, the ALJ never expressly and specifically stated that [Claimant's psychological] symptom testimony was inconsistent with any particular record." *Id.*

The Commissioner further relies on the ALJ's statements that Claimant's records reflect normal findings concerning her concentration and cooperative behavior. (Doc. 24 at 3–4). But such findings cannot form a basis for discounting her symptom testimony concerning her:

> (a) inability to maintain a sustained pace, (*see* AR 40 ("I already had a modified schedule where I was working less hours than part-time. And I still could not handle [it]."));
>
> (b) inability to complete tasks and persevere, (*see* AR 39 ("I will stress over a single thing, like unpacking boxes."); *see also* AR 43 ("I hyper-focus on things to the point where I can't get them done"));
>
> (c) distractions from auditory disturbances, (*see* AR 40 (under stress Claimant "would start hearing more voices in my head. And when I hear the voices in my head it sends me into a spiral. I hyper-fixate on it"); *see also* AR 45 ("I always hear that no matter what. It's never quiet for me. I can never get just a quiet moment."));
>
> (d) overstimulation, (*see* AR 44 (describing public settings, Claimant stated that "it

tends to overstimulate me to the point where I will just—to everyone else I check out. I zone out.”));

(e) inability to maintain personal hygiene, (*see* AR 41 (“I don’t even shower. I haven’t showered in three weeks because I hate noise, and I hate the shower because it scares me.”));

(f) inability to manage her psychological symptoms, (*see* AR 41 (“The problem is I don’t remember how to help myself.”));

(g) inability to address administrative tasks, (*see* AR 43 (explaining that “with the therapy thing I have been trying to get the paperwork and trying to get in but it’s so disheartening when all you hear is, like, no at every turn that eventually I just give up. I collapse. My mom ends up having to step in and do all the doctor information for me because I feel so severely overwhelmed that I close off.”)); and

(h) inability to regulate her daily activity, (*see* AR 47 (with respect to her move, stating that “I've been there for maybe two or three months, and I still haven’t changed my mailing address. The boxes are all over the place from floor to ceiling. The house is a mess. I haven’t done my dishes since I moved in there.”)).

Accordingly, the ALJ failed to identify specific, clear, and convincing reasons to discount Claimant’s psychological symptom testimony in his general citations to her medical records.

**D. ALJ’s Observations**

Finally, the Commissioner argues that the ALJ properly relied on his own observations of Claimant at a 29-minute hearing, (*see* AR 36, 52), to discount her testimony. (Doc. 24 at 4–5.) The Commissioner relies on the ALJ’s statement that Claimant “was cooperative, attentive, responsive and did not require redirection at the hearing on her application for benefits.” (AR 21.) This description of Claimant’s conduct does not constitute a specific, clear, and convincing reason to disregard her symptom testimony, and the Commissioner’s suggestion to the contrary is unconvincing, to put it mildly. As set forth in detail in Section II(C) above, Claimant testified extensively about her debilitating symptoms, and the ALJ’s characterization of her conduct at a hearing lasting less than half an hour does not begin to address the scope, depth, and content of her testimony. Put another way, the ALJ’s finding concerning Claimant’s cooperation,

attentiveness, responsiveness, and ability to stay on task does not address her testimony regarding her inability to maintain a sustained pace, to maintain personal hygiene, to manage her psychological symptoms, to regulate her daily routine, or to deal with her auditory disturbances and overstimulation. *Cf. Ferguson*, 95 F.4th at 1200 (rejecting ALJ's reliance on evidence of "normal mood" and "no neurological defects" to discount symptom testimony on the unrelated issue of the "severity and frequency of [the claimant's] headaches").

## III. CONCLUSION

The reasons cited by the Commissioner for the ALJ's decision to discount Claimant's symptom testimony—considered separately or together— do not constitute specific, clear, and convincing reasons to discount her symptom testimony.

Accordingly,

**IT IS ORDERED** that the Report & Recommendation (Doc. 23) is **adopted**, and the Objection (Doc. 24) **is overruled**.

**IT IS FURTHER ORDERED** that the final decision of the Commissioner is **REVERSED**, and this matter is **REMANDED** to the Commissioner for rehearing.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and close this case.

Dated this 31st day of August, 2026.

Honorable Sharad H. Desai
United States District Judge